FILED
2023 Apr-11  PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1



AlaFile E-Notice

68-CV-2023-900013.00

To: SAMUEL KENNETH FORD
sford@fpflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MORLENE WAGNER ET AL V. ARLINGTON PROPERTIES INC. ET AL
68-CV-2023-900013.00

The following complaint was FILED on 1/6/2023 12:40:27 PM

Notice Date:    1/6/2023 12:40:27 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
1/6/2023 12:40 PM
68-CV-2023-900013.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>68-<br>Date of Filing:<br>01/06/2023 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**MORLENE WAGNER ET AL v. ARLINGTON PROPERTIES INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual       **First Defendant:** ☑ Business  ☐ Individual
                   ☐ Government ☐ Other                                ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM  - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM  - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX  - Other: PREMISE

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER
            R ☐ REMANDED                 T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** FOR075       1/6/2023 12:40:23 PM       /s/ SAMUEL KENNETH FORD
                                Date                       Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2

Case 2:23-cv-00457-AMM   Document 1-1   Filed 04/11/23   Page 4 of 14

ELECTRONICALLY FILED
1/6/2023 12:40 PM
68-CV-2023-900013.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| **MORLENE WAGNER, an individual;** ) | |
| **JAYLEN WAGNER, an individual;** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **ARLINGTON PROPERTIES, INC.,** ) | |
| a corporation; ) | |
| **VILLA GLEN APARTMENTS, LLC,** ) | |
| a limited liability company; ) | |
| **UBA BESSEMER INVESTMENT FUND, LLC,** ) | |
| a limited liability company; ) | |
| ) | |

There may be other entities whose true names and identities are unknown to the Plaintiffs at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiffs when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiffs will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity" in the present action, the party Defendants which the Plaintiffs must include by descriptive characterization are as follows:

**FICTITIOUS DEFENDANT NO. 1**, whether singular or plural, that individual or entity, which owned, managed, maintained, leased or controlled Villa Glen Apartments that is the subject matter of this complaint, and whose negligence, breach of contract, or other actionable conduct contributed to cause the damages suffered by plaintiffs; its conduct, actions, and inactions were negligent, wanton, in breach of the standard of care, in breach of duties, and violative of statutory and common law, and proximately caused damages sustained by plaintiffs; and its legal status, employment status, supervisory control, and state of being renders it liable to plaintiffs as a matter of law, and such status is directly related to the actions of others which proximately caused the injures to Morlene Wagner and Jaylen Wagner.

**FICTITIOUS DEFENDANT NO. 2**, whether singular or plural, that individual or entity, which owned, managed, maintained, leased or controlled the water heater located at Villa Glen Apartments that is the subject matter of this complaint, and whose negligence, breach

of contract, or other actionable conduct contributed to cause the damages suffered by plaintiffs; its conduct, actions, and inactions were negligent, wanton, in breach of the standard of care, in breach of duties, and violative of statutory and common law, and proximately caused damages sustained by plaintiffs; and its legal status, employment status, supervisory control, and state of being renders it liable to plaintiffs as a matter of law, and such status is directly related to the actions of others which proximately caused the injures to Morlene Wagner and Jaylen Wagner.

**FICTITIOUS DEFENDANT NO. 3**, whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties No. 1 through No. 2 described above and whose negligence, breach of contract, or other actionable conduct contributed to cause the damages suffered by plaintiffs; its conduct, actions, and inactions were negligent, wanton, in breach of the standard of care, in breach of duties, and violative of statutory and common law, and proximately caused the damages sustained by plaintiffs; and its legal status, employment status, supervisory control, and state of being renders it liable to plaintiffs as a matter of law, and such status is directly related to the actions of others which proximately caused the injures to Morlene Wagner and Jaylen Wagner.

**FICTITIOUS DEFENDANT NO. 4**, whether singular or plural, that entity or those entities, other than those entities described above, which is the successor in interest of any of the entities described above; its conduct, actions, and inactions were negligent, wanton, in breach of the standard of care, in breach of duties, and violative of statutory and common law, and proximately caused the damages sustained by plaintiffs; and its legal status, employment status, supervisory control, and state of being renders it liable to plaintiffs as a matter of law, and such status is directly related to the actions of others which proximately caused the injures to Morlene Wagner and Jaylen Wagner.

**FICTITIOUS DEFENDANT NO. 5**, whether singular or plural, that entity or those entities, other than those entities described above, which was the predecessor corporation of any of the entities described above; its conduct, actions, and inactions were negligent, wanton, in breach of the standard of care, in breach of duties, and violative of statutory and common law, and proximately caused the damages sustained by plaintiffs; and its legal status, employment status, supervisory control, and state of being renders it liable to plaintiffs as a matter of law, and such status is directly related to the actions of others which proximately caused the injures to Morlene Wagner and Jaylen Wagner.

**FICTITIOUS DEFENDANT NO. 6**, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants No. 1 through No. 5; its conduct, actions, and inactions were negligent, wanton, in breach of the standard of care, in breach of duties, and violative of statutory and common law, and proximately caused the damages sustained by plaintiffs; and its legal status, employment status, supervisory control, and state of being renders it liable to plaintiffs as a matter of law, and such status is directly related to the actions of others which proximately caused the injures to Morlene Wagner and Jaylen Wagner.

**FICTITIOUS DEFENDANT NO. 7**, whether singular or plural, that entity, other than those described above, whose negligence, or other wrongful conduct contributed to cause the damages suffered by plaintiffs on the occasion made the basis of this suit; its conduct, actions, and inactions were negligent, wanton, in breach of the standard of care, in breach of duties, and violative of statutory and common law, and proximately caused the damages sustained by plaintiffs; and its legal status, employment status, supervisory control, and state of being renders it liable to plaintiffs as a matter of law, and such status is directly related to the actions of others which proximately caused the injuries to Morlene Wagner and Jaylen Wagner.

**Plaintiffs aver that the identity of the fictitious party defendants No. 1 through No. 7 is otherwise unknown to plaintiffs at this time, or, if their names are known to plaintiffs at this time their identity as proper party defendants is not known to plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.**

|  |  |
|---|---|
|  | ) |
| **Defendants.** | ) |

## COMPLAINT

**COME NOW** the Plaintiffs in the above styled cause, by and through counsel, and files this Complaint against the Defendants ARLINGTON PROPERTIES, INC., VILLA GLEN APARTMENTS, LLC and UBA BESSEMER INVESTMENT FUND, LLC and allege as follows:

### PARTIES

1. Plaintiff MORLENE WAGNER is over the age of nineteen (19) years and at all times material herein resided in Jefferson County, Alabama, within the jurisdiction of this Court.

2. Plaintiff JAYLEN WAGNER is over the age of nineteen (19) years and at all times material herein resided in Jefferson County, Alabama, within the jurisdiction of this Court.

3. Defendant ARLINGTON PROPERTIES, INC. is a corporation doing business within Jefferson County, Alabama, within the jurisdiction of this Court.

4. Defendant VILLA GLEN APARTMENTS, LLC is a limited liability company doing business within Jefferson County, Alabama, within the jurisdiction of this Court.

5. Defendant UBA BESSEMER INVESTMENT FUND, LLC is a limited liability company doing business within Jefferson County, Alabama, within the jurisdiction of this Court.

6. The fictitious defendants No. 1 through No. 7 described in the caption of this complaint are hereby added to and incorporated in this action as defendants by this reference. Any and all counts, allegations, and claims against the named defendants are hereby also made against each and all fictitious defendants No. 1 through No. 7. The identities of the fictitious party defendants No. 1 through No. 7 herein are unknown to the plaintiffs or their attorney at this time or, if their names are known to the plaintiffs, facts which identify them as proper party defendants intended to be sued are not known to the plaintiffs or their attorney at this time, but their true names will be substituted by amendment when ascertained.

7. The term "defendant" used herein refers to each and all defendants, named and fictitious defendants No. 1 through No. 7. At all times relevant herein the defendants acted alone and/or in concert with other defendants or others, are liable to plaintiffs jointly and severally, and all actions and conduct herein described proximately caused or contributed to the injures to Morlene Wagner and Jaylen Wagner.

8. All paragraphs, allegations, counts, and prayers for relief herein are to be incorporated in and read together with all others.

9. At all times relevant herein, all named and fictitious defendants No. 1 through No. 7 which are corporations or legal entities, acted through agents, employees, and officers, who were acting within the line and scope of their agency or employment or authority; the acts and

conduct of said persons were at all times ratified and approved by defendants, and done for the benefit of defendants.

10. The events and occurrences giving rise to the injures to Morlene Wagner and Jaylen Wagner occurred in whole or in part in Jefferson County, Alabama.

11. The matter in controversy exceeds, exclusive of costs, Twenty Thousand Dollars ($20,000.00).

## FACTS

12. Upon information and belief and at all times material herein, ARRLINGTON PROPERTIES, INC., VILLA GLEN APARTMENTS, LLC and UBA BESSEMER INVESTMENT FUND, LLC owned, maintained, leased, or controlled the apartment complex of Villa Glen Apartments located at 816 Villa Glen Apartments, Bessemer, Alabama 35020.

13. On October 30, 2021, and at all times material herein, the Plaintiffs MORLENE WAGNER and JAYLEN WAGNER resided together as tenants at Villa Glen Apartments, LLC.

14. On or about October 30, 2021, MORLENE WAGNER and JAYLEN WAGNER went to sleep in their unit and were exposed to carbon monoxide.

15. The carbon monoxide from the adjacent unit or closet leaked into the Wagners' apartment unit, filing their apartment with poisonous caron monoxide.

16. MORLENE WAGNER and JAYLEN WAGNER were exposed to dangerous levels of carbon monoxide and were transported via ambulance to the hospital where they were treated for carbon monoxide poisoning.

## COUNT ONE: NEGLIGENCE/WANTONNESS AGAINST DEFENDANT ARLINGTON PROPERTIES, INC.

Plaintiffs, MORLENE WAGNER and JAYLEN WAGNER sue ARLINGTON PROPERTIES, INC. and realleges, affirms, and incorporates herein the **Parties and Facts** portion of this Complaint and further alleges the following:

17. Plaintiffs adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

18. As the owner/operator of Villa Glen Apartments, Defendant ARLINGTON PROPERTIES, INC. owed a duty of reasonable care to residences of the Villa Glen Apartments, including MORLENE WAGNER and JAYLEN WAGNER.

19. Defendants breached that duty by failing to exercise reasonable care, including, but not limited, to the following acts and omissions:

    a. Failing to properly ensure the safety of their tenants;

    b. Failing to properly maintain the water heaters on premises, including replacing and/or securing the caps to said water heaters.

    c. Failing to warn of the dangers of the carbon monoxide poisoning leaking from adjacent unit;

    d. Failing to maintain functional carbon monoxide detectors in apartment units;

20. The above negligent acts of the Defendant and/or the fictitious party defendants No. 1 through 7, combined and/or concurred to cause the injuries to MORLENE WAGNER and JAYLEN WAGNER.

**WHEREFORE**, Plaintiffs, MORLENE WAGNER and JAYLEN WAGNER, demand judgment against the Defendant, ARLINGTON PROPERTIES, INC. and/or fictitious party

defendants No. 1 through No. 7, jointly and severally in an amount to be determined by a struck jury.

### COUNT TWO: NEGLIGENCE/WANTONNESS AGAINST DEFENDANT VILLA GLEN APARTMENTS, LLC

21. Plaintiffs adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

22. Defendant, VILLA GLEN APARTMENTS, LLC, owed a duty of reasonable care to the tenants of Villa Glen Apartments, including MORLENE WAGNER and JAYLEN WAGNER.

23. Defendant breached that duty by failing to exercise reasonable care, including, but not limited, to the following acts and omissions:

    a. Failing to properly ensure the safety of their tenants;

    b. Failing to properly maintain the water heaters on premises, including replacing and/or securing the caps to said water heaters.

    c. Failing to warn of the dangers of the carbon monoxide poisoning leaking from adjacent unit;

    d. Failing to maintain functional carbon monoxide detectors in apartment units;

24. The above negligent acts of the Defendant and/or the fictitious party defendants No. 1 through 7, combined and/or concurred to cause the injuries to MORLENE WAGNER and JAYLEN WAGNER.

**WHEREFORE**, Plaintiffs, MORLENE WAGNER and JAYLEN WAGNER, demand judgment against the Defendant, VILLA GLEN APARTMENTS, LLC and/or fictitious party defendants No. 1 through No. 7, jointly and severally in an amount to be determined by a struck jury.

## COUNT THREE: NEGLIGENCE/WANTONNESS AGAINST DEFENDANT UBA BESSEMER INVESTMENT FUND, LLC

25. Plaintiffs adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

26. As the owner/operator of Villa Glen Apartments, defendant UBA INVESTMENT FUND, LLC, owed a duty of reasonable care to the tenants of Villa Glen Apartments, including MORLENE WAGNER and JAYLEN WAGNER.

27. Defendant breached that duty by failing to exercise reasonable care, including, but not limited, to the following acts and omissions:

    a. Failing to properly ensure the safety of their tenants;

    b. Failing to properly maintain the water heaters on premises, including replacing and/or securing the caps to said water heaters.

    c. Failing to warn of the dangers of the carbon monoxide poisoning leaking from adjacent unit;

    d. Failing to maintain functional carbon monoxide detectors in apartment units;

28. The above negligent acts of the Defendant and/or the fictitious party defendants No. 1 through 7, combined and/or concurred to cause the injuries to MORLENE WAGNER and JAYLEN WAGNER.

**WHEREFORE**, Plaintiffs, MORLENE WAGNER and JAYLEN WAGNER, demand judgment against the Defendant, UBA BESSEMER INVESTMENT FUND, LLC and/or fictitious party defendants No. 1 through No. 7, jointly and severally in an amount to be determined by a struck jury.

## COUNT FOUR: NEGLIGENCE/WANTONNESS AGAINST FICTITIOUS DEFENDANTS NO. 1 THROUGH NO. 7

29. Plaintiffs adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

30. As the owner, stockholder, partner, associate, employee, or agent of Villa Glen Apartments, Fictitious Defendant No. 1 through No. 7 owed a duty of reasonable care to residences of the Villa Glen Apartments, including MORLENE WAGNER and JAYLEN WAGNER.

31. Defendants breached that duty by failing to exercise reasonable care, including, but not limited, to the following acts and omissions:

    e. Failing to properly ensure the safety of their tenants;

    f. Failing to properly maintain the water heaters on premises, including replacing and/or securing the caps to said water heaters.

    g. Failing to warn of the dangers of the carbon monoxide poisoning leaking from adjacent unit;

    h. Failing to maintain functional carbon monoxide detectors in apartment units;

32. The above negligent acts of the Defendant and/or the fictitious party defendants No. 1 through 7, combined and/or concurred to cause the injuries to MORLENE WAGNER and JAYLEN WAGNER.

**WHEREFORE**, Plaintiffs, MORLENE WAGNER and JAYLEN WAGNER, demand judgment against fictitious party defendants No. 1 through No. 7, jointly and severally in an amount to be determined by a struck jury.

## COUNT FIVE: NEGLIGENT/WANTON HIRING, TRAINING AND/OR SUPERVISING BY VILLA GLEN APARTMENTS, LLC

33. Plaintiffs adopt and reallege each and every previously stated provision of this Complaint as if fully set out herein.

34. Plaintiffs allege that the Defendant VILLA GLEN APARTMENTS, LLC and/or fictitious Defendants No. 1 through 7, had a duty to properly hire, train and/or supervise safe and competent employees, including Defendant Fictitious No. 3.

35. Plaintiffs allege that the Defendant VILLA GLEN APARTMENTS, LLC and/or fictitious Defendants No. 1 through 7, breached its duty owed to the tenants, including MORLENE WAGNER and JAYLEN WAGNER, by negligently and/or wantonly training and supervising the Fictitious Defendant No. 3, proximately resulting in the carbon monoxide poisoning described in this Complaint.

36. Plaintiffs allege that as a proximate consequence of said negligence and/or wantonness on behalf of the Defendant VILLA GLEN APARTMENTS, LLC and/or fictitious Defendants No. 1 through 7, they were caused to suffer the injuries and damages described herein.

**WHEREFORE**, Plaintiffs, MORLENE WAGNER and JAYLEN WAGNER, demand judgment against the Defendant, VILLA GLEN APARTMENTS, LLC and/or fictitious party defendants No. 1 through No. 7, jointly and severally in an amount to be determined by a struck jury. Further, Plaintiffs requests that this Court enter judgment consistent with the verdict, and that it also award the Plaintiffs interest from the date of the judgment and costs incurred by the court in managing this lawsuit.

Respectfully submitted this 6th day of January, 2023.

/s/ *Samuel K. Ford*
Samuel K. Ford (FOR075)
Attorney for the Plaintiffs

**OF COUNSEL:**
**PETWAY, FRENCH & FORD, LLP**
600 Luckie Drive, Suite 300
Birmingham, AL 35223
Phone: (205) 977-9798
Fax:     (205) 977-9799

**SERVE DEFENDANT VIA SPECIAL PROCESS SERVER:**

Arlington Properties, Inc.
c/o James M. Dixon
2 North 20th Street, Suite 700
Birmingham, Alabama 35203

Villa Glen Apartments, LLC
c/o John Paul Segars
1315 Eastern Valley Road
Bessemer, Alabama 35020

UBA Bessemer Investment Fund, LLC
c/o Alexander L. Jones
200 E. Nashville Avenue
Atmore, Alabama 36502