
FILED
2023 Jun-15  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED NATIONAL<br>INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER:** |
| | ) | **2:23-cv-00457-SGC** |
| v. | ) | |
| | ) | |
| MORLENE WAGNER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>DEFENDANT 900 DIVISION STREET, LLC'S</u>
## <u>PARTIAL MOTION TO DISMISS FOR LACK OF JURISDICTION</u>

Defendant 900 Division Street, LLC ("900 Division") moves to dismiss Plaintiff United National Insurance Company's ("United") claims seeking declaratory judgment on its duty to indemnify 900 Division in the underlying civil action styled *Morlene Wagner, et al. v. Arlington Properties, et al.*, pending in the Circuit Court of Jefferson County, Bessemer Division, Civil Action number 68-cv-2023-900013 ("the underlying action").

## <u>FACTUAL BACKGROUND</u>

As alleged by United, Morlene and Jaylen Wagner (collectively, the "Wagners") brought the underlying action on January 6, 2023 asserting negligence and wantonness claims against Defendants Arlington Properties, Inc., Villa Glen

Apartments, LLC, and UBA Bessemer Investment Fund, LLC[1]. (Fed. Ct. Doc. 1 at ¶¶ 10, 14). The complaint in the underlying action alleges personal injury caused by an alleged carbon monoxide leak in the Wagners' apartment unit on October 30, 2021. (*Id*. at ¶¶ 12 – 14).

Plaintiff United National issued a commercial insurance policy to Bessemer Investment Fund, LLC. (*Id*. at ¶ 17; *see also* Fed Ct. Doc. 1-3 at 3). 900 Division is listed as an additional insured on the Policy and owns the property made the basis of this action.  (Fed. Ct. Doc. 1 at ¶¶ 5, 17 n.2).

On April 11, 2023, United National filed this complaint seeking declaratory judgment with regard to its duties and obligations to defend and indemnify Bessemer Investment Fund, or its subsidiary 900 Division, in the underlying action.  (Fed. Ct. Doc. 1 at ¶¶ 24, 25). The complaint acknowledges that the underlying action is still pending. (*Id*. at ¶ 1).

Based upon United's allegations in the complaint, United lacks standing to seek declaratory judgment regarding its duty to indemnify 900 Division in the underlying action and 900 Division moves to dismiss United's claim relating to its

---

[1] Morlene and Jaylen Wagner have since dismissed Defendant UBA Bessemer Investment Fund, LLC from the underlying action and filed an amended complaint replacing Defendant Villa Glen Apartments, LLC with Defendant 900 Division.

duty to indemnify 900 Division pursuant to Federal Rule of Civil Procedure 12(b)(1).

## LEGAL STANDARD

The standing doctrine "stems directly from Article III's 'case or controversy' requirement" and "implicates [a court's] subject matter jurisdiction." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021). The determination of ripeness "goes to whether the district court [has] subject matter jurisdiction to hear the case." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) (internal quotes omitted). The ripeness doctrine has two components—a jurisdictional one "arising out of the constitutional 'case or controversy' requirement, and a prudential one arising independently of Article III." *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1288 (S.D. Ala. 2016) (citing *National Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005)).

## ARGUMENT

United's claims relating to its duty to indemnify 900 Division in the underlying action should be dismissed because they are not ripe. The duty to indemnify "is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Pa. Nat'l Mut. Cas. Ins. Co. v. Hethcoat & Davis, Inc.*, 339 F. Supp. 3d 1248, 1257 (N.D. Ala. 2017) (internal quotes omitted). This court has recognized that the "existence of a *duty to defend* may be established by the allegations in the

injured party's complaint." *Id.* at 1258 (quoting *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514 (M.D. Ala. 1996)). But the insurer's *duty to indemnify* the insured "is ultimately established by what is developed at trial." *Id.* (emphasis in original). As the Eleventh Circuit has recognized, "the duty to indemnify cannot be determined at a preliminary stage in the proceedings, [therefore] district courts in [this] circuit have declined to address the duty to indemnify when determining whether there is a duty to defend." *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1252 (11th Cir. 2022). So is the case here—it is simply "inappropriate to exercise jurisdiction over an action seeking a declaration of [United's] indemnity obligations absent a determination of [900's] liability." *Emps. Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005).

There is no need for this Court use judicial resources to resolve this issue now, because 900 Division could prevail in the underlying lawsuit. *See, e.g.*, *Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1566 (M.D. Ala. 1996) (concluding that the issue of indemnification was not sufficiently ripe because the Defendant may prevail in the underlying suit, and "time and effort the court and the parties would have expended in resolving the issue would be wasted") (internal quotations omitted). And if it does, this Court would never have to reach the issue of whether 900 Division is entitled to indemnification. Because 900 Division has not been held

liable in the underlying suit, it is too early to determine whether United has a duty to indemnify 900 Division. Therefore, United's claims relating to that duty should be dismissed for lack of subject-matter jurisdiction.

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiff's claims relating to its duty to indemnify 900 Division for lack of subject-matter jurisdiction.

Respectfully submitted,

/s/ Thomas Lee Oliver III
Thomas Lee Oliver III (ASB-8256-W15L)
Hilary Michele Williamson (ASB-2110-H42W)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
toliver@bradley.com
hwilliamson@bradley.com
*Attorneys for Defendant*
*900 Division Street, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> John W. Johnson, II
> Christian & Small, LLP
> 505 20th Street North, Ste 1800
> Birmingham, AL 35203
> jwjohnson@csattorneys.com
> *Attorney for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Morlene Wagner
> Jaylen Wagner
> 5614 Clarence Street
> Bessemer, AL 35022
> *Defendants*

*/s/ Thomas Lee Oliver III*
OF COUNSEL
