IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | CASE NUMBER: 2:23-cv-00457-SGC |
| MORLENE WAGNER, et al., | ) ) ) |
| Defendants. | ) |

### DEFENDANT ARLINGTON PROPERTIES, INC'S
### PARTIAL MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendant Arlington Properties, Inc. ("Arlington") moves to dismiss Plaintiff United National Insurance Company's ("United") claims seeking declaratory judgment on its duty to indemnify Arlington in the underlying civil action pending in the Circuit Court of Jefferson County, Bessemer Division, styled *Morlene Wagner, et al. v. Arlington Properties, et al.*, 68-cv-2023-900013 (the "Underlying Action").

### FACTUAL BACKGROUND

As alleged by United, Morlene and Jaylan Wagner (collectively, the "Wagners") brought the Underlying Action on January 6, 2023 asserting negligence and wantonness claims against Defendants Arlington Properties, Inc., Villa Glen

1

Apartments, LLC, and UBA Bessemer Investment Fund, LLC.[1] (Fed. Ct. Doc. 1 at ¶¶ 10, 14). The complaint in the Underlying Action alleges personal injury caused by an alleged carbon monoxide leak in the Wagners' apartment unit on October 30, 2021. (*Id.* at ¶¶ 12–14).

Plaintiff United issued a commercial insurance policy to Bessemer Investment Fund, LLC. (*Id.* at ¶ 17; *see also* Fed. Ct. Doc. 1-3 at 3). Arlington is listed as an insured on the Policy and manages the property made the basis of this action. (Fed Ct. Doc. 1 at ¶¶ 5, 17 n.2).

On April 11, 2023, United filed this complaint seeking declaratory judgment about its duties and obligations to defend and indemnify Bessemer Investment Fund, or its subsidiary 900 Division and property manager Arlington, in the underlying action. (Fed. Ct. Doc. 1 at ¶¶ 24, 25). The complaint acknowledges that the Underling Action is still pending. (*Id.* at ¶ 1).

Based upon United's allegations in the complaint, United lacks standing to seek declaratory judgment regarding its duty to indemnify Arlington in the Underlying Action and Arlington moves to dismiss United's claim relating to its duty to indemnify Arlington pursuant to Federal Rule of Civil Procedure 12(b)(1).

## LEGAL STANDARD

---

[1] Morlene and Jaylan Wagner have since dismissed Defendant UBA Bessemer Investment Fund, LLC from the underlying action and filed an amended complaint replacing Defendant Villa Glen Apartments, LLC with Defendant 900 Division Street, LLC.

The standing doctrine "stems directly from Article III's 'case or controversy' requirement" and "implicates [a court's] subject matter jurisdiction." *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021). The determination of ripeness "goes to whether the district court [has] subject matter jurisdiction to hear the case." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) (internal quotes omitted). The ripeness doctrine has two components—a jurisdictional one "arising out of the constitutional 'case or controversy' requirement, and a prudential one arising independently of Article III." *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1288 (S.D. Ala. 2016) (citing *National Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005)).

## ARGUMENT

United's claims relating to its duty to indemnify Arlington in the Underlying Action should be dismissed because they are not ripe. The duty to indemnify "is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Pa. Nat'l Mut. Cas. Ins. Co. v. Hethcoat & Davis, Inc.*, 339 F. Supp. 3d 1248, 1257 (N.D. Ala. 2017) (internal quotes omitted). This court has recognized that the "existence of a *duty to defend* may be established by the allegation sin the injured party's complaint." *Id.* at 1258 (quoting *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514 (M.D. Ala. 1996)). But the insurer's *duty to indemnify* the insured "is ultimately established by what is developed at trial." *Id.* (emphasis

3

in original). As the Eleventh Circuit has recognized, "the duty to indemnify cannot be determined at a preliminary stage in the proceedings, [therefore] district courts in [this] circuit have declined to address the duty to indemnify when determining whether there is a duty to defend." *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1252 (11th Cir. 2022). So is the case here – it is simply "inappropriate to exercise jurisdiction over an action seeking a declaration of [United's] indemnity obligations absent a determination of [Arlington's] liability." *Emps. Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1211–12 (S.D. Ala. 2005).

There is no need for this Court to use judicial resources to resolve this issue now, because Arlington could prevail in the Underlying Action. *See, e.g., Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1566 (M.D. Ala. 1996) (concluding that the issue of indemnification was not sufficiently ripe because the Defendant may prevail in the underlying suit, and "time and effort the court and the parties would have expended in resolving the issue would be wasted") (internal quotations omitted). And if it does, this Court would never have to reach the issue of whether Arlington is entitled to indemnification. Because Arlington has not been held liable in the Underlying Action, it is too early to determine whether United has a duty to indemnify Arlington. Therefore, United's claims relating to that duty should be dismissed for lack of subject-matter jurisdiction.

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiff's claims relating to tits duty to indemnify Arlington for lack of subject-matter jurisdiction.

Respectfully submitted,

*/s/ Hilary M. Williamson*
Thomas Lee Oliver III (ASB-8256-W15L)
Hilary Michele Williamson (ASB-2110-H42W)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
toliver@bradley.com
hwilliamson@bradley.com

Molly Chafe Brockmeyer (admitted *pro hac vice*)
Boyle, Leonard, & Anderson PA
9111 W. College Pointe Drive
Fort Myers, FLA 33919
Telephone: (239) 337-1303
mbrockmeyer@insurance-counsel.com

Barry A. Ragsdale
Robert Smith Vance
Dominick Feld Hyde, P.C.
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Telephone: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

*Attorneys for Defendant
Arlington Properties, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> John W. Johnson, II
> Christian & Small, LLP
> 505 20th Street North, Ste 1800
> Birmingham, AL 35203
> jwjohnson@csattorneys.com
> *Attorney for Plaintiff*

> Thomas Lee Oliver III
> Hilary Michele Williamson
> Bradley Arant Boult Cummings LLP
> One Federal Place
> 1819 5th Avenue North, Suite 200
> Birmingham, AL 35203
> toliver@bradley.com
> hwilliamson@bradley.com
> *Attorneys for Defendant 900 Division Street LLC*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Morlene Wagner
> Jaylen Wagner
> 5614 Clarence Street
> Bessemer, AL 35022
> *Defendants*

/s/ Hilary M. Williamson
OF COUNSEL