FILED
2023 Aug-23 PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) MORLENE WAGNER, et al., ) ) Defendants. ) | CASE NUMBER: 2:23-cv-00457-SGC |

## ARLINGTON PROPERTIES, INC'S ANSWER TO UNITED NATIONAL INSURANCE COMPANY'S COMPLAINT

Defendant Arlington Properties, Inc. ("Arlington") files this answer to Plaintiff United National Insurance Company's ("United") complaint for declaratory judgment. Contemporaneous herewith, Arlington is filing a partial motion to dismiss United's claims relating to its duty to indemnify Arlington in the underlying civil action pending in the Circuit Court of Jefferson County, Bessemer Division, styled *Morlene Wagner, et al. v. Arlington Properties, et al.*, 68-cv-2023-900013.

Regarding the remaining allegations in the Complaint, Arlington answers as follows:

### PARTIES, JURISDICTION & VENUE

1. Arlington admits the allegations contained in Paragraph 1 of the Complaint.

2. Arlington is without knowledge or information sufficient to form a

1

belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, as such, denies the same.

3. Arlington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, as such, denies the same.

4. Arlington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, as such, denies the same.

5. Arlington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, as such, denies the same.

6. Arlington admits the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint involves a legal conclusion to which no response is required. To the extent a response is required, Arlington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Arlington denies the allegations contained in Paragraph 8 of the Complaint.

9. Arlington denies the allegations contained in Paragraph 9 of the Complaint.

# ALLEGATIONS OF UNDERLYING COMPLAINT

10. In response to the allegations contained in Paragraph 10 of the Complaint, the operative complaint in the underlying action speaks for itself.[1]

11. In response to the allegations contained in Paragraph 11 of the Complaint, the operative complaint in the underlying action speaks for itself. Arlington denies any and all liability for plaintiffs' allegations in the underlying complaint.

12. In response to the allegations contained in Paragraph 12 of the Complaint, the operative complaint in the underlying action speaks for itself. Arlington denies any and all liability for plaintiff's allegations in the underlying complaint.

13. In response to the allegations contained in Paragraph 13 of the Complaint, the operative complaint in the underlying action speaks for itself. Arlington denies any and all liability for plaintiffs' allegations in the underlying complaint.

14. In response to the allegations contained in Paragraph 14 of the Complaint, the operative complaint in the underlying action speaks for itself. Arlington denies any and all liability for plaintiffs' allegations in the underlying

---

[1] Morlene and Jaylan Wagner have dismissed Defendant UBA Bessemer Investment Fund, LLC from the underlying action and have filed an amended complaint replacing Defendant Villa Glen Apartments, LLC with Defendant 900 Division Street, LLC.

complaint.

15. In response to the allegations contained in Paragraph 15 of the Complaint, the operative complaint in the underlying action speaks for itself. Arlington denies any and all liability for plaintiffs' allegations in the underlying complaint. Arlington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Upon information and belief, Arlington admits the allegations contained in Paragraph 16 of the Complaint.

## THE POLICY

17. In response to the allegations contained in Paragraph 17 and Footnote 2 of the Complaint, the Policy speaks for itself.

18. In response to the allegations contained in Paragraph 18 of the Complaint, the Policy speaks for itself.

19. In response to the allegations contained in Paragraph 19 of the Complaint, the Policy speaks for itself.

20. In response to the allegations contained in Paragraph 20 of the Complaint, the Policy speaks for itself.

21. In response to the allegations contained in Paragraph 21 of the Complaint, the Policy and accompanying Endorsements speak for themselves.

## COUNT ONE – DECLARATORY JUDGMENT

22. Arlington adopts and reasserts its responses to Paragraphs 1–21 and incorporates same by reference.

23. Upon information and belief, Arlington and 900 Division Street, LLC seek defense and indemnity for the claims asserted against them in the underlying action.

24. Arlington denies the allegations contained in Paragraph 24 of the Complaint and further references and incorporates its motion to dismiss regarding United's duty to defend and indemnify.

25. Arlington denies the allegations contained in Paragraph 25 of the Complaint and further references and incorporates its motion to dismiss regarding United's duty to defend and indemnify.

In response to the unnumbered "WHEREFORE" following Paragraph 25 of the Complaint, Arlington denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This court lacks subject matter jurisdiction over Plaintiff's claims.

### SECOND DEFENSE

Plaintiff's claims are not ripe for adjudication and therefore do not present a justiciable controversy.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## FOURTH DEFENSE

Plaintiff's claims are barred because any claims determinations or other determinations or actions at issue were not wrong, nor were they arbitrary, capricious, unreasonable, or made in bad faith.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff does not have standing to assert this claim.

## SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies before filing suit.

## SEVENTH DEFENSE

Plaintiff's claims are limited by and subject to the terms, requirements, and provisions of the Plan and applicable insurance policies.

## EIGHTH DEFENSE

To the extent that Arlington is the prevailing party in this action, Arlington requests an award of its attorneys' fees and costs of defending this action under 29 U.S.C. s. 1132(g).

## **NINTH DEFENSE**

Arlington reserves the right to assert additional defenses as they become known or available.

Respectfully submitted,

*/s/ Hilary Michele Williamson*
Thomas Lee Oliver III (ASB-8256-W15L)
Hilary Michele Williamson (ASB-2110-H42W)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
toliver@bradley.com
hwilliamson@bradley.com

Molly Chafe Brockmeyer (admitted *pro hac vice*)
Boyle, Leonard, & Anderson PA
9111 W. College Pointe Drive
Fort Myers, FLA 33919
Telephone: (239) 337-1303
mbrockmeyer@insurance-counsel.com

Barry A. Ragsdale
Robert Smith Vance
Dominick Feld Hyde, P.C.
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Telephone: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

*Attorneys for Defendant
Arlington Properties, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>John W. Johnson, II
>Christian & Small, LLP
>505 20th Street North, Ste 1800
>Birmingham, AL 35203
>jwjohnson@csattorneys.com
>*Attorney for Plaintiff*

>Thomas Lee Oliver III
>Hilary Michele Williamson
>Bradley Arant Boult Cummings, LLP
>One Federal Place
>1819 5th Avenue North, Suite 200
>Birmingham, AL 35203
>toliver@bradley.com
>hwilliamson@bradley.com
>*Attorneys for Defendant 900 Division, LLC*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Morlene Wagner
>Jaylen Wagner
>5614 Clarence Street
>Bessemer, AL 35022
>*Defendants*

>/s/ *Hilary Michele Williamson*
>OF COUNSEL